97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
YOSEMITE INSURANCE COMPANY, a California corporation,
Plaintiff-Counter-Defendant-Appellee,
v.
The HOME INSURANCE COMPANY, a New Hampshire corporation,
Defendant-Counter-Claimant-Cross-Claimant-Appellant,
and
St. Paul Fire and Marine Insurance Company, a Minnesota
corporation, Defendant-Cross-Defendant-Appellee.
YOSEMITE INSURANCE COMPANY, a California corporation,
Plaintiff-Counter-Defendant-Cross-Appellant,
v.
The HOME INSURANCE COMPANY, a New Hampshire corporation,
Defendant-Counter-Claimant-Cross-Claimant-Cross-Appellee,
and
St. Paul Fire and Marine Insurance Company, a Minnesota
corporation, Defendant-Cross-Defendant-Cross-Appellee.
 No. 94-55000, 94-55001.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Decided July 26, 1996.
 
 1
 Before: HUG, Chief Judge, and LEAVY, Circuit Judges, and MUECKE,* District Judge.
 
 
 2
 ORDER WITHDRAWING MEMORANDUM, DENYING PETITION FOR
 
 REHEARING, AND DENYING MOTION TO DISMISS
 
 3
 The memorandum disposition filed on March 1, 1996, is withdrawn.
 
 
 4
 The petitions for rehearing are DENIED.
 
 
 5
 St. Paul's motion to dismiss the appeal, in which Yosemite has joined, is also DENIED.
 
 
 6
 Before: HUG, Chief Judge, and LEAVY, Circuit Judges, and MUECKE,* District Judge.
 
 
 7
 MEMORANDUM**
 
 
 8
 The Home Insurance Company ("Home") contends in its direct appeal that the district court committed reversible error by dismissing, with prejudice and without leave to amend, its cross-claim against St. Paul Fire and Marine Insurance Company ("St. Paul"); and by entering summary judgment in favor of Yosemite Insurance Company ("Yosemite") and against Home on the former's complaint and the latter's counter-claim. Yosemite has filed a protective cross-appeal, arguing that if Home should prevail on its appeal, the district court's dismissal of Yosemite's complaint against St. Paul should also be set aside.
 
 
 9
 The ruling in favor of St. Paul was based on the earlier dismissal of Yosemite's action against St. Paul. Yosemite's complaint alleged in the alternative that the malpractice complained of was either a single act that occurred in 1969, for which St. Paul had already contributed 100% of its 1969 policy limits to the settlement; or an ongoing act that continued beyond 1969. Home's cross-claim, however, did not limit the time frame to 1969, but alleged that the malpractice occurred over several years; that St. Paul provided insurance coverage for some of those years; and that St. Paul had only contributed the limits of a single policy (1969) to the settlement.
 
 
 10
 In order for the district court to grant St. Paul's motion to dismiss the cross-claim, it had to conclude that St. Paul was not subject to liability beyond 1969 for the insured's malpractice. Cf. Montrose Chem. Corp. v. Admiral Ins. Co., 10 Cal.4th 645, 672-73 (Cal.1995) (damage suffered during successive liability policy periods potentially covered by all policies in effect during those periods). To reach that conclusion, however, the court had to find that the malpractice complained of was a single act occurring in 1969, either by rejecting Home's allegation that the malpractice occurred "over a number of years," or by going beyond the face of Home's cross-claim. To the extent the dismissal was based on the rejection of facts as alleged in the cross-claim, it was improper. See Fed.R.Civ.P. 12(b)(6). To the extent the dismissal was based on the court's going beyond the face of the cross-claim and treating the motion to dismiss as one for summary judgment, that also would have been improper, as there is no indication that the court gave notice or an opportunity to oppose the motion. See Fed.R.Civ.P. 12(b) and 56(c).
 
 
 11
 Home also contends that genuine issues of material fact exist with respect to two issues: First, whether the insured's August 20, 1969 act was the sole wrongful event triggering coverage; and second, whether Yosemite waived the right to seek recovery of its settlement contribution by way of indemnification.
 
 
 12
 While it is true that a single act of malpractice may be compounded by a failure to inform a client thereof, it does not necessarily follow that each successive failure to inform must give rise to a new act of, and claim for, malpractice. See, e.g., Chamberlin v. Smith, 140 Cal.Rptr. 493, 496-97 (Cal.Ct.App.1977). Moreover, we cannot say from the materials before us that Yosemite unquestionably reserved its indemnification rights against the other excess liability insurers for the amount of its contribution to the underlying settlement. Accordingly, summary judgment was improper as to these two issues.
 
 
 13
 The gist of Yosemite's protective cross-appeal is that, if Home prevails on its direct appeal, Yosemite should be permitted to start over again. We agree. As noted above, Yosemite framed in the alternative that portion of its complaint against St. Paul involving the claimed negligence. Because we conclude that the district court erred by dismissing Home's cross-claim against St. Paul, it follows that the court erred by dismissing Yosemite's action against St. Paul.
 
 
 14
 The dismissal of Yosemite's complaint against St. Paul is REVERSED. The dismissal of Home's cross-claim against St. Paul and the entry of summary judgment in favor of Yosemite and against Home are REVERSED and REMANDED for further proceedings.
 
 
 
 *
 The Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 *
 The Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3